## HARDEE *vs.* WILLIAMS AND APPLEWHITE.

1. When the question submitted to the jury is one of fact only, the Court will reluctantly disturb their verdict.
2. Where the party to the case is the only witness, and his testimony makes out the case of his adversary, and then states matter in rebuttal or avoidance, it is competent for the jury, under the Act of 1857, to credit the first statement against the party, and disregard that in his favor.

*Fi. Fa.*, and Issue of Payment, in Terrell Superior Court. Tried before Judge PERKINS, at November Adjourned Term, 1859.

There was an issue made up in this case to try the question whether the *fi. fa.* in favor of plaintiff in error against defendants was paid off and discharged or not—the issue being formed at the instance of other creditors of defendants.

On the trial, the following *transfer* of the *fi. fa.* was put in evidence:

" NOBLE A. HARDEE
        *vs.*           *Fi. Fa.* from Terrell
MATTHEW WILLIAMS &     Superior Court.
G. W. APPLEWHITE.

" Moses H. Baldwin has paid the sum of one hundred and twenty-nine 91-100 dollars on the above stated *fi. fa.*, under the agreement that the same is not to be discharged, but that he has the right to control said *fi. fa.* and judgment in the

name of the plaintiff for the purpose of reimbursing himself fully thereby—10th September, 1867.

(Signed)                              "VASON & DAVIS,
                                        "Plaintiff's Attorneys."

Defendants then introduced Moses H. Baldwin, who testified, that he had a settlement with Matthew Williams in 1857, and he thinks, after the transfer of the *fi. fa.*; it was at or after Fall Court, 1857; paid Williams some money in that settlement; does not recollect how much; to the best of his recollection, this *fi. fa.* was not included in the settlement, but would not swear positively that it was not; after the transfer of the *fi. fa.* the same with the transfer was placed by witness in an old pocket book that he did not use much, and after the settlement with Williams, found said *fi. fa.* and went to Williams and asked him whether it was included in the settlement; Williams did not answer; at the said settlement, witness turned over all the papers that were settled to Williams, which did not include said *fi. fa.*; the settlement was final for all papers turned over, subject to correction for any mistake; he did not believe this *fi. fa.* was included in the settlement; it was understood that any errors in the settlement were to be corrected; this *fi. fa.* was paid by witness for the purpose of relieving the sheriff.

The jury found the issue in favor of defendants. Whereupon, counsel for plaintiff moved for a new trial on the ground, that the jury found contrary to law and the evidence, and contrary to the charge of the Court in this: that if the jury believe from the evidence that the *fi. fa.* was not included in the settlement between plaintiff and defendants, then they must find for the plaintiff.

The Court overruled the motion, and counsel for plaintiff excepted.

STROZIER & SMITH, for plaintiff in error.

DOUGLASS & DOUGLASS, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

The only question in this case is, whether the execution transferred by the attorneys of Hardee to Baldwin was sat-

isfied? And Baldwin himself, the assignee, was the only witness examined on the trial. He admits, that subsequent to the transfer of the *fi. fa.* to him, he had a settlement with Williams, and that upon that settlement he paid over some money to Williams. He cannot swear positively whether the execution was included in the settlement or not. He thinks it was not, and assigns reasons why he thinks so. So uncertain, however, was he about it, that he called on Williams to know whether the *fi. fa.* was included in the settlement, and he says Williams refused to answer. The jury found the execution satisfied; the Judge refused to grant a new trial, and we do not feel constrained to overrule his judgment.

The Act of 1857, authorizing parties to be examined at common law, "under the same rules and regulations prescribed by law for other witnesses," has the provision, "and the testimony of the parties shall be entitled to such weight and consideration with the jury as they, under all the circumstances, may see fit to give it."

It was competent for the jury to believe so much of the testimony of Baldwin as proved the settlement between Williams and himself, and disregard or disbelieve the reasons he assigned why this execution was not included and paid.